UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rian Alan Axelson,

        Plaintiff,

v.

United States of America,

        Defendant.

Case No. 23-cv-3913 (KMM/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

More than 90 days after Plaintiff commenced the present action, Plaintiff had not provided proof of service of a summons and Complaint on Defendant. Accordingly, on April 19, 2024, the Court issued an Order notifying Plaintiff that the Federal Rules of Civil Procedure require a plaintiff to demonstrate proof of service upon a defendant "within 90 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Pursuant to Rule 4(m), the Court directed Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve defendant. The Court forewarned Plaintiff that if he failed to comply with this Court's directive in the time permitted, the Court would recommend dismissal of the present action for failure to effect proper service and failure to prosecute. (Order [Docket No. 8]).

A copy of the Court's April 19, 2024, Order was mailed to Plaintiff at the address he provided to the Court. However, the copy of the Order mailed to Plaintiff was returned as undeliverable.

Plaintiff failed to provide proof of service or demonstrate good cause for an extension of time to serve defendant in the time permitted. In fact, Plaintiff failed to take any action in the present case during the time in which he was directed to provide proof of service. However, shortly after the expiration of the time in which he was directed to demonstrate proof of service, Plaintiff called the Clerk of Court's office to provide his new address information.

The Court's April 19, 2024, Order was again mailed to Plaintiff at his newly provided address. However, this mailing was also returned as undeliverable.

The time for Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve defendants has come and gone, and Plaintiff has neither provided proof of service nor articulated good cause as to why the Court should grant him an extension of time to do so.[1]

Consequently, the Court finds that Plaintiff has failed to abide by the terms of the Court's April 19, 2024, Order. [Docket No. 8]. Because the Court previously forewarned Plaintiff of the potential consequences of failing to abide by the Court's Order, the Court now recommends that this action be dismissed for failure to comply with the Court's April 19, 2024, Order, [Docket

---

[1] Because the copies of this Court's Order which the Clerk of Court mailed to Plaintiff have been returned as undeliverable, it is possible that Plaintiff has not received a copy of this Court's April 19, 2024, Order. This does not change the fact that the Federal Rules of Civil Procedure require Plaintiff to demonstrate proof of service within ninety days of filing his Complaint. It is Plaintiff's "obligation to prosecute his case and to keep the Court informed at all times of his then current address and contact information so that he may receive correspondence from this Court." Aery v. Nohre, No. 20-cv-1958 (PJS/LIB), 2021 WL 3410336, at *2 (D. Minn. July 6, 2021), report and recommendation adopted, 2021 WL 3409328 (D. Minn. Aug. 4, 2021); see, e.g., Heiderscheid v. Dakota Cnty. Sheriff Off., No. 18-cv-1180 (JNE/LIB), 2020 WL 5128147, at *6 (D. Minn. July 22, 2020), report and recommendation, 2020 WL 5106816 (D. Minn. Aug. 31, 2020), aff'd, 848 F. App'x 678 (8th Cir. 2021); Tandoh v. Virginia Police Dep't, No. 22-cv-1981 (WMW/LIB), 2022 WL 18135246, at *1 (D. Minn. Sept. 28, 2022), report and recommendation adopted, 2023 WL 112701 (D. Minn. Jan. 5, 2023).

No. 8]; for lack of prosecution; and for failure to effect proper service. See Widtfeldt v. Daugherty, 587 F. App'x 992 (8th Cir. 2014) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within the appropriate time after filing his complaint).

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice**.

Dated:  July 31, 2024                                s/Leo I. Brisbois
                                                     Hon. Leo I. Brisbois
                                                     U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).