UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rian Alan Axelson, | Case No. 23-cv-3913 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, | |
| Defendant. | |

This matter is before the Court on United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R") dated July 31, 2024. ECF No. 9. The R&R recommends dismissing Plaintiff Rian Alan Axelson's complaint, ECF No. 1, without prejudice for failure to prosecute and failing to provide proof of service of a summons and Complaint on the Defendant. Though Mr. Axelson has sent numerous letters to the Court, he has not objected to the R&R, attempted to address the concerns raised by Judge Brisbois, or provided the Court with an accurate mailing address. For the reasons that follow, the Court accepts the Magistrate Judge's recommendations and dismisses Mr. Axelson's complaint without prejudice.

The Court reviews *de novo* any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D.

Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)).

The Court has provided Mr. Axelson with an opportunity to provide the Court with a proof of service, but Mr. Axelson has failed to demonstrate or even suggest that service on the Defendant was ever completed. The Federal Rules of Civil Procedure require a plaintiff to demonstrate proof of service upon a defendant "within 90 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The Court has previously warned that this action could be dismissed if Mr. Axelson did not "effect proper service" and if he "fail[ed] to prosecute." ECF No. 8 at 2. With no service and Mr. Axelson failing to provide good cause for his failure to serve the Defendant, despite the passage of several months, that warning must now become a reality.

In addition, although copies of the Court's Order that the Court mailed to Mr. Axelson have been returned as undeliverable, this does not change the fact that the Federal Rules of Civil Procedure require Mr. Axelson to demonstrate proof of service within ninety days of filing his Complaint, and that Mr. Axelson has an "obligation to prosecute his case and to keep the Court informed at all times of his then current address and contact information so that he may receive correspondence from this Court." *Aery v. Nohre*, No. 20-cv-1958 (PJS/LIB), 2021 WL 3410336, at *2 (D. Minn. July 6, 2021), *report and recommendation adopted*, 2021 WL 3409328 (D. Minn. Aug. 4, 2021). Here, Mr. Axelson

2

has contacted the Court on several occasions, providing different addresses, but none actually enable the Court to communicate with him. And in none of his communications with the Court has he engaged in the needed steps to proceed with his case, like attempting to serve the Defendant or responding to the R&R. Therefore, in light of Mr. Axelson's failure to sufficiently respond to the Order and adequately prosecute this action, the Court dismisses his complaint without prejudice.

**IT IS HEREBY ORDERED**:

1. The Magistrate Judge's R&R, ECF No. 9, is **ACCEPTED**; and

2. Plaintiff Axleson's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**Let Judgment Be Entered Accordingly.**

Date: November 26, 2024         *s/Katherine Menendez*
                                Katherine Menendez
                                United States District Judge